Affirmed and Memorandum Opinion filed March 13, 2007








Affirmed and Memorandum Opinion filed March 13, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00271-CR

NO. 14-06-00272-CR

_______________

 

GUSTAVO IBARRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 338th District Court

 Harris County, Texas

Trial Court Cause No. 1007133 &
997569

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Gustavo Ibarra appeals two
convictions for aggravated sexual assault of a child[1]
on the grounds that: (1) the trial court erred by admitting and excluding
evidence; and (2) the evidence was factually insufficient to support the
conviction.  We affirm.

                                                                              

 








                                                         Admission
of Evidence

A trial court's ruling on the
admission of evidence is reviewed for abuse of discretion and should be upheld
unless the ruling was outside the zone of reasonable disagreement. Oprean v.
State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). 

Appellant=s first issue contends that the trial
court erred by admitting investigator Haggerty=s hearsay testimony because he was
not a proper outcry witness.  The first statement made by a child against whom
a sexual abuse offense was committed to an adult describing the alleged offense
is exempt from the hearsay rule .  See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005).

In this case, appellant objected only
once to Haggerty=s testimony on hearsay grounds, and the trial court sustained
that objection.  For each of the other complained of instances of improper
hearsay testimony by Haggerty, appellant either failed to object entirely or
objected on the grounds that: (1) the State improperly asked Haggerty to draw
conclusions from the interview; or (2) Haggerty=s testimony was irrelevant and
immaterial.  Because the complaints in appellant=s first issue were thus not
preserved, they present nothing for our review and are overruled.  See Tex. R. App. P. 33.1; Swain v. State,
181 S .W.3d 359, 367 (Tex. Crim. App. 2005), cert. denied, 127 S.Ct. 145
(2006).

Appellant=s second issue argues that the trial
court erroneously permitted the forensic interviewer, McAndrew, to testify as
an outcry witness regarding statements the complainant allegedly made to
McAndrew because McAndrew did not qualify as an outcry witness.  However, at
trial, appellant failed to make any objections on hearsay or outcry grounds to
the evidence he complains of in his second issue.  Instead, he objected to that
evidence only on the grounds that: (1) McAndrew=s testimony was irrelevant; (2)
McAndrew was not qualified to answer the State=s questions; or (3) McAndrew=s testimony violated Texas Rule of
Evidence 103 (without elaboration).  Therefore, appellant=s second issue presents nothing for
our review and is overruled.  See Tex.
R. App. P. 33.1; Swain v. State, 181 S .W.3d at 367.








Appellant=s third issue claims that the trial
court erred by admitting into evidence medical records containing the
complainant=s statements about the alleged abuse.  However, because appellant failed
to object to the admission of the medical records, he waived this complaint,
and his third issue is overruled.  See Tex.
R. App. P. 33.1; Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim.
App. 2003).

Appellant=s fourth issue asserts that, during
the complainant=s cross-examination, the trial court erroneously denied his
motion to admit or allow reference to a medical report, containing the
complainant=s statement that she had never suffered any sexual abuse.  However,
appellant=s brief fails to indicate where in the record he made a request or motion
to admit the alleged medical report into evidence. 

In addition, the record indicates
that, during a drug-related emergency visit to the hospital after the initial
outcry and examination, the complainant was asked regarding abuse at home. 
Although the trial court did not allow counsel to question the complainant
whether, during that later hospital visit, she had ever denied that any abuse
had occurred at home, the court did allow counsel to generally ask the
complainant whether she had ever denied any sexual abuse at home and she
responded that she never denied any sexual abuse.  Contrary to his complaint on
appeal, however, the record does not reflect that counsel ever asked to
reference the medical report.  Thus, appellant=s fourth issue presents nothing for
our review and is overruled.

                                                      Sufficiency
of the Evidence

Appellant=s fifth issue contends that there is
factually insufficient evidence to support  his respective convictions because:
(1) the two incidents were alleged to have occurred in 2003; (2) the
complainant=s testimony was uncorroborated by any testimony other than that of the
improper outcry witnesses; and (3) the complainant testified in 2005 that the
offenses had occurred in the preceding year (2004 rather than 2003, as alleged).








In reviewing factual sufficiency, we
determine whether the evidence, though legally sufficient, is, when viewed in
it entirety in a neutral light, either too weak to withstand scrutiny or so
greatly outweighed by contrary evidence that the reviewing court can explain
with some specific and objective basis that the verdict represents a manifest
injustice.  See Watson v. State, 206 S.W.3d 404, 414-17 (Tex. Crim. App.
2006).  To prove aggravated sexual assault, the State must have established
that appellant intentionally or knowingly caused: (1) the sexual organ of a
child younger than fourteen years of age to contact his mouth; or (2) the
penetration of the sexual organ of a child younger than fourteen years by any
means.  Tex. Penal Code Ann. ' 22.021(a)(1)(B)(I), (iii) (Vernon
Supp. 2006).

In this case, the complainant
testified that appellant caused her sexual organ to contact his mouth on at
least two occasions.  She also stated that appellant penetrated her sexual
organ with his sexual organ.  Although the testimony of a child victim alone is
sufficient to support a conviction for aggravated sexual assault,[2]
the complainant=s statements were corroborated by sexual assault nurse
examiner, Floyd Hand.  Hand testified that the complainant had told him that
appellant touched her sexual organ with his mouth and also penetrated her
sexual organ with his sexual organ.  Hand=s testimony was supported by the
complainant=s medical records.

Additionally, appellant=s brief mistakenly claims that the
complainant testified in 2005 that the abuse had occurred in the preceding
year.  Rather, the complainant stated during trial in 2006 that she had told
her friend, Josh Flores, in 2004 about the sexual abuse.  Finally, the jury
charge instructs that the State is not required to prove a specific date stated
in the indictments as long as it proves that the offenses were committed within
the applicable limitations period.   Because appellant=s fifth issue fails to demonstrate
that the evidence is 

 

 








factually insufficient to support his
conviction, it is overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed March 13, 2007.

Panel consists of Chief Justice
Hedges and Justices  Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           In a single trial, a jury found appellant
guilty and assessed punishment at 10 years confinement for each offense.





[2]           See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Lane
v. State,174 S.W.3d 376, 386 (Tex. App.CHouston
[1st Dist.] 2005, pet. ref=d), cert.
denied, 127 S. Ct. 246 (2006).